We conclude that the judgment in this case should be

Affirmed.

**BOND AUTO LOAN CORPORATION et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 13072.

Circuit Court of Appeals, Eighth Circuit.

Jan. 16, 1946.

H. M. Stolar, of St. Louis, Mo. (Fred L. Kuhlmann, of St. Louis, Mo., on the brief), for petitioners.

Harold D. Cohen, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Robert N. Anderson, and S. Dee Hanson, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This is a petition to review a decision of the Tax Court redetermining deficiencies in personal holding company surtaxes imposed by the Commissioner of Internal Revenue.

The sole question is whether the Bond Auto Loan Corporation was a personal holding company during the taxable years ending April 30, 1939, and April 30, 1940, and was, therefore, subject to surtaxes for those years under Revenue Act 1938, and the Internal Revenue Code. The applicable provisions of the Revenue Act of 1938 provide:

Revenue Act of 1938, c. 289:

"Sec. 401. Surtax on personal holding companies.

"There shall be levied, collected, and paid, for each taxable year, upon the undistributed Title IA net income of every personal holding company (in addition to the taxes imposed by Title I) a surtax equal to the sum of the following:

"(1) 65 per centum of the amount thereof not in excess of $2,000; plus

"(2) 75 per centum of the amount thereof in excess of $2,000.

"Sec. 402. Definition of personal holding company.

"(a) General rule.—For the purposes of this title, and Title I, the term 'personal holding company' means any corporation if—

"(1) Gross income requirement.—At least 80 per centum of its gross income for the taxable year is personal holding company income as defined in section 403; but if the corporation is a personal holding com-

pany with respect to any taxable year beginning after December 31, 1936, then, for each subsequent taxable year, the minimum percentage shall be 70 per centum in lieu of 80 per centum, until a taxable year during the whole of the last half of which the stock ownership required by paragraph (2) does not exist, or until the expiration of three consecutive taxable years in each of which less than 70 per centum of the gross income is personal holding company income; * * *.

"Sec. 403. Personal holding company income.

"For the purposes of this title the term 'personal holding company income' means the portion of the gross income which consists of:

"(a) Dividends, interest (other than interest constituting rent as defined in subsection (g), royalties (other than mineral, oil, or gas royalties), annuities." 26 U.S. C.A. Int.Rev.Acts, pages 1129, 1130.

The provisions of Internal Revenue Code, Sections 500, 501(a) (1) and 502(a), 26 U.S.C.A. Int.Rev.Code, §§ 500, 501(a) (1), 502(a), are substantially identical with the quoted provisions of the 1938 Act. The determination of the question presented depends upon whether certain "extra hazard charges" received by the corporation during the taxable years constituted "interest" within the provisions of the above Acts. It is admitted that if the extra hazard charges were interest, the corporation was subject to the surtaxes imposed.

The facts are not in dispute. The Bond Auto Loan Corporation was incorporated under the Missouri Loan and Investment Company Act, R.S.Mo.1929, Art. 8, ch. 32, as amended by Laws Mo.1933, p. 199, Mo. R.S.A. §§ 5418-5425. This statute provides that when a loan made by a corporation organized under the statute is secured by a chattel mortgage on a motor vehicle, the corporation may, in addition to the regular 8% interest, exact a charge not greater than $20 "on account of extra hazards involved in such loans," provided, however, that if the company retains any part of the fee for its own use, the note evidencing the indebtedness shall bear a statement that the maker has the option of conveying to the lender the vehicle securing the note, regardless of its condi-

tion, in full satisfaction of the balance thereon.

The Bond Auto Loan Corporation made loans during the taxable years in which the extra hazard charges were exacted, and in each case the note evidencing the indebtedness contained the option required by the Missouri statute.

The corporation was dissolved on April 30, 1942, and it is stipulated that petitioners Lowenstein, Lyner and Soeker, the sole stockholders and directors of the corporation and statutory trustees thereof, are liable, as transferees, for any deficiencies in surtaxes that may be imposed against the corporation for the taxable years.

Controlling Treasury regulations define interest, so far as applicable here, as any amount includible in gross income received for the use of money loaned.[1] It is petitioners' contention that the extra hazard charges were not exacted for the use of money loaned because these charges constituted consideration paid by the borrowers for a contractual right entirely dissociated from the payment of interest on the principal—the right to convey the vehicle constituting the security for the loan in full satisfaction of the balance due thereon, regardless of the condition of the vehicle at that time.

A breakdown of the gross income of the corporation for the fiscal year ending April 30, 1939, discloses that a total of 9.14% of the corporation's income was derived from the regular 8% interest allowed by Missouri law, that 18.06% was derived from examination and investigation fees, that 71.11% was derived from the extra hazard charges and that 1.69% was derived from miscellaneous items.

A breakdown of total gross income for the fiscal year ending April 30, 1940, produces similar results, extra hazard charges constituting 72.63% of the total income for that year.

We are convinced that the extra hazard charges which constituted such a large percentage of the corporation's total income for the taxable years were received for the use of money loaned. The fact that in order to be permitted to retain for itself any part of the extra charges exacted, the Missouri law required the corporation to agree to accept the security in full settle-

[1] Treasury Regulations 101, promulgated under the Revenue Act of 1938, Art. 403—1 (2); Treasury Regulations 103, promulgated pursuant to the Internal Revenue Code, Section 19.502—1 (2).

ment of the indebtedness and that the corporation complied with that law does not alter this conclusion. The extra charge is authorized "on account of the extra hazards involved in such loans." In other words, the charge is authorized because of the extra hazard to the lender in making such loans. The Missouri statute does not authorize the extra charge in consideration of the option. It authorizes it in recognition of insufficiency of an 8% interest rate and protects the borrower to the extent that, having paid the additional charge he will not subsequently be subject to a deficiency judgment in case of foreclosure of the security.

The corporation's business is that of a money lender, not an insurer. It would seem strange that, of its total gross income for the year ending April 30, 1939, only 9.14 per cent thereof was received for the use of money loaned and 71.11 per cent was received for insuring its borrowers against the possibility of a deficiency judgment. The extra charges appear to be authorized primarily for the benefit of the lender, not the borrower.

Noteman v. Welch, 1 Cir., 108 F.2d 206, lends support to the holding in the present case. In the Noteman case, the question was whether a Massachusetts personal finance corporation was subject to surtax as a personal holding company for the taxable year ending September 30, 1935. The corporation made loans at a rate of interest of 3% per month which, under a Massachusetts statute, was to cover interest and expenses, no further charges being permitted. The taxpayer contended that only about 1% of the 3% per month exacted by it constituted interest, the rest being for expenses. Many of these expenses, however, were general expenses of the business and blanket charges made in connection with each loan regardless of whether the charges were applicable to the particular loan. The court held that the taxpayer failed to sustain the burden of showing that more than 20% of its gross income for the taxable year was derived from sources other than interest, and therefore could not recover the surtax paid.

Workingmen's Loan Association v. United States, 1 Cir., 142 F.2d 359, involved the same Massachusetts statute, and in that case it was held that initial charges for investigation, identification, inspection and appraisal which were customarily made by similar concerns, and were adjusted to amount and type of loan and paid in advance, did not constitute "interest," and that under the facts of that case the taxpayer was not subject to surtax imposed against personal holding companies. See also Girard Investment Co. v. Commissioner of Internal Revenue, 3 Cir., 122 F.2d 843.

In the present case petitioners have not established that the extra hazard charge in each case was permitted for any other purpose distinct from the hazard of the loan or that it was received in consideration of the guarantee to the borrower that he would not be subjected to a deficiency judgment. We conclude that the extra hazard charges were received for the use of money loaned and were "interest" within the applicable revenue statutes. The corporation was a personal holding company during the taxable years and was subject to the surtaxes imposed.

Decision of the Tax Court affirmed.

